## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Kathryn Rose, John Harris, and
Jenifer Harris,

     Plaintiffs,

v.

Lincoln Benefit Life Company,

     Defendant.

Case No. 20-cv-2260 (SRN/TNL)

**ORDER**

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the parties' Stipulated Motion for Leave to File Supplemental Complaint and Amend Scheduling Order (ECF No. 17).  In this motion, the parties stipulate that Plaintiffs "have identified alleged transactions, occurrences and events that have happened since the date of their original pleading that they believe give rise to additional claims against Defendant," and thus Plaintiffs seek leave to file a supplemental complaint.  (*Id.* at 1.) Defendant, while disputing the merits of these new claims, does not oppose the filing of the proposed supplemental complaint.  (*Id.*)  The parties further stipulate on the time period for Defendant to answer the proposed supplemental complaint, as well as a 90-day extension of the fact discovery deadline set forth in the Amended Pretrial Scheduling Order.  (*Id.* at 1-3 (citing ECF No. 13).)  The deadline for Plaintiffs to seek leave to amend the pleadings in this matter was April 1, 2021.  (ECF No. 13 at 3.)

Once 21 days have passed after service of a responsive pleading, a party "may amend its pleading only with the opposing party's written consent or the court's leave."

1

Fed. R. Civ. P. 15(a)(2).  Leave to amend should be freely given "when justice so requires." *Id.*  The Court may deny a party's request for leave to amend only "if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment."  *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008)).

Further, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  "A supplemental pleading . . . is designed to cover matters subsequently occurring but pertaining to the original cause."  *United States ex rel. Kinney v. Stoltz*, No. 01-cv-1287 (RHK/JMM), 2002 WL 523869, at *3 (D. Minn. Apr. 5, 2002) (quoting *United States v. Voracheck*, 563 F.2d 884, 886 (8th Cir. 1977)), *aff'd*, 327 F.3d 671 (8th Cir. May 5, 2003).  "[I]n keeping with the overarching flexibility of Rule 15, courts customarily have treated requests to supplement under Rule 15(d) liberally.  This liberality is reminiscent of the way in which courts have treated requests to amend under Rule 15(a)."  *United States ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 7 (1st Cir. 2015) (citation omitted); *see also Fair Isaac Corp. v. Experian Info. Sols. Inc.*, No. 06-cv-4112 (ADM/JSM), 2009 WL 10677527, at *14 n.7 (D. Minn. Feb. 9, 2009) (collecting cases and finding motions to amend under Rule 15(a) and motions to supplement under Rule 15(d) are subject to the same standard).

This calculus changes, however, once the deadline to amend the pleadings set forth in a pretrial scheduling order has passed.  Eighth Circuit precedent dictates that when a

motion to amend the pleadings is filed after the deadline set in the court's pretrial scheduling order "the court may properly require, pursuant to Federal Rule of Civil Procedure 16(b), that good cause must be shown for leave to file a pleading that is out of time with that order." *Johnson v. Franchoice, Inc.*, No. 19-cv-1417 (MJD/ECW), 2020 WL 6938782, at *6 (D. Minn. Nov. 25, 2020) (citing *Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003)); *see also Sherman*, 532 F.3d at 716 ("The interplay between Rule 15(a) and Rule 16(b) is settled in this circuit."). This shift to consider Rule 16(b) occurs because otherwise "we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 438 (8th Cir. 1999).

Rule 16(b) provides that the scheduling order set by a court "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* D. Minn. LR 16.3(b) (requiring a party moving to modify a scheduling order to "establish good cause for the proposed modification" and "explain the proposed modification's effect on any deadlines."). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman*, 532 F.3d at 716-17 (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). "If the court is satisfied that the movant was diligent, it will also generally consider possible prejudice to the nonmovant." *Shank v. Carleton College*, 329 F.R.D. 610, 614 (D. Minn. 2019).

The Court finds that Plaintiffs have demonstrated good cause to supplement their complaint. Further, Defendant does not oppose the filing of a supplemental complaint. (ECF No. 17 at 1.) The record is devoid of evidence of prejudice to Defendant, and a

majority of the deadlines in this matter will remain unchanged.  The Court will therefore grant the parties' motion, allow Plaintiffs to file their supplemental complaint, and amend the scheduling order to reflect the parties' agreed upon discovery deadline.

Therefore, based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  The parties' Stipulated Motion for Leave to File Supplemental Complaint and Amend Scheduling Order (ECF No. 17) is **GRANTED**.

2.  Plaintiffs shall file their supplemental complaint in substantially the same form as ECF No. 17-1 within seven days of the date of this Order.

3.  Pursuant to the parties' agreement, Defendant shall respond to the supplemental complaint within 21 days after it is filed.

4.  A Second Amended Pretrial Scheduling Order shall issue.

5.  All prior consistent orders remain in full force and effect.

6.  Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: August _5_, 2021

*s/Tony N. Leung*

Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Rose et al. v. Lincoln Benefit Life Co.*
Case No. 20-cv-2260 (SRN/TNL)

4